Holly L. Tysse, Wyo. Bar No. 7-5553
Jennifer M. Godonis, Wyo. Bar No. 8-7086
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
Telephone: 307-265-2279
Facsimile: 307-265-2307
htysse@crowleyfleck.com
jgodonis@crowleyfleck.com

Matthew R. Scheck (*Pro hac vice forthcoming*)
Jack A. Simms, Jr. (*Pro hac vice forthcoming*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th St, Suite 2010
Austin, TX 78701
Telephone: 737-667-6100
Facsimile:  737-667-6110
matthewscheck@quinnemanuel.com
jacksimms@quinnemanuel.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| Savent Financial, LLC, Highcrest Lending Corporation, Highcrest Opportunities Lending Corporation, SFL-HLC ABS Facility, LLC, and SFL-HOLC ABS Facility, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>Kevin Adler, Modo Capital, LLC, Renegade Renewables, LLC, BPF Acquisition Co. Series 11, LLC,<br><br>*Defendants.* | Case No. 25-cv-00198 |

## MOTION TO RESTRICT PUBLIC ACCESS
## TO PLAINTIFFS' UNREDACTED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 5.2, and in accordance with 5.1(g) of the Local Civil Rules for the District of Wyoming, Plaintiffs Savent Financial, LLC, Highcrest Lending Corporation, Highcrest Opportunities Lending Corporation, SLF-HLC ABS Facility, LLC, and SFL-HOLC ABS Facility, LLC ("Plaintiffs"), by and through their undersigned counsel, respectfully request that this Court restrict public access to the Complaint filed by Plaintiffs herein. In support of the instant motion, Plaintiffs state as follows:

1.      Federal Rule of Civil Procedure 5.2 and Local Rule 5.1(g) permit documents to be filed under seal or protected from public access.

2.      Contemporaneously with the filing of the instant motion, Plaintiffs filed a redacted Complaint to commence this action because the Complaint includes information previously agreed to as confidential by the parties or subject to other confidentiality agreements to which certain Defendants are party (the "Confidential Information").

3.      The Confidential Information specifically pertains to: (1) a "Term Sheet," which is a contract entered into by at least some of the Defendants and contains a confidentiality provision, prohibiting its disclosure beyond certain individuals; and (2) certain references to material in a "Tax Opinion," which is the subject of purported confidentiality restrictions in an agreement to which Plaintiffs and at least one Defendant are a party.  Plaintiffs do not concede that the agreement regarding confidentiality of the Tax Opinion is valid or enforceable or that the redacted material implicates that agreement in any event, and Plaintiffs do not object to the public filing of the aforementioned references. But in an abundance of caution, Plaintiffs have redacted those references for Defendants' benefit, such that they can weigh in before those references are made public.

4.      Courts recognize that the right to inspect judicial records "is not absolute" and that authorizing documents to be filed under seal is appropriate where, as here, the materials contain confidential information and/or protected information that enables a party to maintain a competitive advantage. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (acknowledging that access to judicial records may be authorized where documents contain "business information that might harm a litigants' competitive standing").

5.      The interest of protecting the business and financial information contained in the contract that is subject to the redactions outweighs the public interests in access to the terms of the Confidential Information. Likewise, the interest in honoring the guarantees of confidentiality covenants—including those promised to nonparties—weighs heavily in favor of restricting public access to the Complaint requested to be filed as Non-Public.

6.      Additionally, the relief requested by this motion is narrowly tailored, as Plaintiff has redacted what amounts to only three out of sixty-nine pages specific to the Confidential Information and Plaintiff moves only for the unredacted Complaint be restricted, while the remainder of the redacted Complaint may be public.

7.      Counsel has not conferred with counsel for any Defendants regarding the instant motion as it is being filed contemporaneously with the Complaint against Defendants, whom have not yet been served the Complaint nor given an opportunity to respond or otherwise answer the Complaint. However, given that the Confidential Information was shared with Plaintiffs by one or more Defendants under a purported agreement of confidentiality, Defendants' interests are also protected with the requested relief.

8.      Accordingly, Plaintiffs request that this Court restrict public access to the unredacted or non-public copy of the Complaint.

Dated this 25 day of August, 2025.

/s/ Holly L. Tysse
Holly L. Tysse, Wyo. Bar No. 7-5553
Jennifer M. Godonis, Wyo. Bar No. 8-7086
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
Telephone: 307-265-2279
Facsimile: 307-265-2307
htysse@crowleyfleck.com
jgodonis@crowleyfleck.com

                    Matthew R. Scheck (*Pro hac vice forthcoming*)
                    Jack A. Simms, Jr. (*Pro hac vice forthcoming*)
                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
                    300 West 6th St, Suite 2010
                    Austin, TX 78701
                    Telephone: 737-667-6100
                    Facsimile:  737-667-6110
                    matthewscheck@quinnemanuel.com
                    jacksimms@quinnemanuel.com