**KHALE J. LENHART, #7-4581**
**CATHERINE M. MERCER, #7-6320**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
cmercer@hirstapplegate.com

| | |
|---|---|
| **CHRISTOPHER J. MCNAMARA** | **GEOFF BRACKEN** |
| *(admitted pro hac vice)* | *(admitted pro hac vice)* |
| Foley & Lardner LLP | Foley & Lardner |
| 90 Park Avenue | 1000 Louisiana Street, Suite 2000 |
| New York, New York 10016 | Houston, TX 77002-2099 |
| Phone: (212) 338-3497 | Phone: (713) 276-5738 |
| Fax: (212) 687-2329 | Fax: (713) 276-5555 |
| christopher.mcnamara@foley.com | gbracken@foley.com |

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| Savent Financial, LLC, Highcrest Lending Corporation, Highcrest Opportunities Lending Corporation, SFL-HLC ABS Facility, LLC, and SFLHOLC ABS Facility, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> Kevin Adler, Modo Capital, LLC, Renegade Renewables, LLC, BPF Acquisition Co. Series 11, LLC <br> *Defendants.* | Case No. 2:25-cv-00198-KHR |

**JOINDER OF DEFENDANT KEVIN ADLER IN DEFENDANT COMPANIES' SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR IMMEDIATE APPOINTMENT OF RECEIVER**

Defendant Kevin Adler ("Mr. Adler") respectfully submits this joinder in Defendants' Modo Capital, LLC, Renegade Renewables, LLC, and BPF Acquisition Co. Series 11, LLC's

1

(collectively, the "Defendant Companies") Supplemental Response in Opposition to the Emergency Motion for Immediate Appointment of a Receiver (the "Motion") filed by Savent Financial, LLC ("Savent"), Highcrest Lending Corporation ("Highcrest"), Highcrest Opportunities Lending Corporation, SFL-HLC ABS Facility, LLC, and SFLHOLC ABS Facility, LLC (collectively, "Plaintiffs").[1]

Much was made in Plaintiffs' Motion and during their counsel's presentation during the September 24, 2025 hearing on the Motion (the "Hearing") about Mr. Adler's past conduct and his alleged ongoing control over the Defendant Companies.  As we stated in our earlier Joinder in Opposition [Dkt. No. 45], there is no basis for the Court to draw any negative inferences based upon unproven (and false) allegations of past conduct on the part of Mr. Adler.  Indeed, the lack of credibility behind Plaintiffs' allegations against Mr. Adler were on full display during the limited cross-examination of Mr. Ogle.  While we will say more about that testimony in the future, we instead wish to focus on the issues that we believe are most pressing before the Court.

First, any allegation that Mr. Adler continues to exert any control over Borrowers is patently false.  Mr. Funk put the truth to this lie during the Hearing:

> Q. Mr. Funk, are you and Bill Heck the comanagers of the borrowers?
>
> A. Yes.
>
> Q. Are you and Bill Heck authorized to exercise the land options that have been discussed in this case?
>
> A. Yes.
>
> Q. Are you and Bill Heck authorized on behalf of the borrowers to enter into the mortgage documents for those land options?

---

[1] For the avoidance of doubt, Mr. Adler is not waiving, and specifically reserves, any rights and defenses available to him in this case, including, but not limited to, all defenses available under Rule 12 of the Federal Rules of Civil Procedure.

> A. Yes.
>
> Q. And if you look in front of you, there is a document [Defense Exhibit A] titled the "Action by Written Consent of the Members." It is a loose-leaf - -
>
> A. Yes.
>
> Q. And do you recognize this document?
>
> A. I do.
>
> Q. And was this document signed by Kevin Adler?
>
> A. Yes, it was.
>
> Q. And does this document give you and Bill Heck the authorization to exercise the options, including the Sunset option?
>
> A. It does.
>
> Q. And to enter into mortgage documents with the lenders?
>
> A. Yes.
>
> Q. Do you believe a receiver is appropriate in this case?
>
> A. I do not.
>
> (Hearing Tr. [Dkt. No. 61] 86:12-87:11.)

While Plaintiffs may no longer like the fact that Mr. Adler continues to hold indirect equity interests in the Borrowers, that is of no moment. Indeed, as explained throughout the Hearing, Mr. Adler has done everything he can to remove any potential conflict of interest, including by resigning from his management roles and by vesting authority in Messrs. Funk and Heck to, *inter alia*, "execute and deliver any documents, instruments, agreements or certificates required to raise capital for the Company for the acquisition of the land parcels" and "execute any and all documents related to the purchase and financing (via mortgages) for the Miller (option already executed),

3

Johnson Land and Cattle, Hays and Sunset Parcels (all three to be executed) as they deem to be in the best interest of the Company." Defendants' Exhibit A.[2]

According to Plaintiffs' counsel, the imminent expiration of the land options is what is prompting this purported emergency:

> There are six days until options expire and there is six days until the Miller option, which has already been exercised, needs to close and funding needs to be provided, and that hasn't been done. Without those options – and Your Honor heard testimony today, unrebutted testimony, that that is irreparable, because if those options lapse and the land is gone – solar projects need land to put solar panels on, to put interconnections on. Every – these land parcels are critical. Three have already been allowed to lapse. So we are not in a place where we can wait even a matter of days. We believe the receiver can protect this collateral and should do so immediately.

(Hearing Tr. 100:4-17.)

Critically, this issue has been resolved by the Borrowers, acting through Messrs. Heck and Funk, who have now exercised each of the Johnson, Hays, Sunset, and Miller Options, thus eliminating the purported emergency underlying Plaintiffs' Motion for the immediate appointment of a receiver.

Moreover, Plaintiffs have failed to explain why Messrs. Funk and Heck are not able to continue in their role as co-managers, or why there is any need for a receiver given Mr. Adler's decision to remove himself from the equation. Since Mr. Adler resigned as manager of the Borrowers in April 2025, Messrs. Funk and Heck have been ably managing the advancement of the Project, with the support of Highcrest and Savent. Contrary to Plaintiffs' false and unfair claims against Mr. Adler, Plaintiffs notably have not criticized the character or competency of Mr. Funk or Mr. Heck—nor could they.

---

[2] This document was admitted into evidence during the Hearing. *See* Hearing Tr. at 97:21-24.

Conspicuously absent from Plaintiffs' Motion or their presentation during the Hearing were *any* details as to *how* a receiver could "protect this collateral"—now or in the future—or why the receiver is in a better position than Messrs. Funk and Heck, each of whom have significant solar experience, good relationships with the landowners, and retain critical institutional knowledge regarding the Project, as evidenced by their ability to exercise the land options. In fact, despite Plaintiffs' proposed receiver being present in the courtroom during the Hearing, Plaintiffs failed to call him as a witness, thereby forgoing an opportunity to establish his credentials and satisfy any questions that the Court may have regarding his qualifications and ability to discharge any duties conferred upon him by the Court.

In all events, there is nothing in the record before the Court to show that the appointment of a receiver, which is a severe remedy, is necessary or appropriate under these circumstances. We respectfully submit that, given the removal of the purported emergency basis for Plaintiffs' Motion, the far better course of action, as we suggested during our closing remarks at the Hearing (*see* Hearing Tr. 128:11-20), would be to deny the Motion without prejudice at this time, allow Borrowers to continue to work with the Plaintiffs and continue to progress in their commercial discussions with the potential purchaser of the Project, and report back to the Court in the coming weeks. We feel this is a far more prudent outcome given the uncertainty as to how the imposition of a receiver could affect the status of these negotiations and the potential for unanticipated negative consequences, especially where any potential prejudice to any party has been averted by the Borrowers and Messrs. Funk and Heck.

**CONCLUSION**

For the foregoing reasons, Mr. Adler respectfully requests that the Court deny Plaintiffs' Motion. We thank the Court for its consideration of this important matter.

Dated:  26 September 2025.

KEVIN ADLER, Defendant

BY: /s/ Khale J. Lenhart
**KHALE J. LENHART, #7-4581**
**CATHERINE M. MERCER, #7-6320**
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendant
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
cmercer@hirstapplegate.com

and

**CHRISTOPHER J. MCNAMARA**
*(admitted pro hac vice)*
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
Phone: (212) 338-3497
Fax: (212) 687-2329
christopher.mcnamara@foley.com

**GEOFF BRACKEN**
(*admitted pro hac vice*)
Foley & Lardner
1000 Louisiana Street, Suite 2000
Houston, TX 77002-2099
Phone: (713) 276-5738
Fax: (713) 276-5555
gbracken@foley.com

## CERTIFICATE OF SERVICE

I certify the foregoing ***Joinder of Defendant Kevin Adler in Defendant Companies' Supplemental Response in Opposition to Plaintiffs' Emergency Motion for Immediate Appointment of Receiver*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 26 September 2025, and that copies were served as follows:

Holly L. Tysse
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
htysse@crowleyfleck.com
*Attorney for Plaintiffs*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☒ E-FILE

Jennifer M. Godonis
Crowley Fleck PLLP
511 W. 19th St., Suite 100
Cheyenne, WY 82001
jgodonis@crowleyfleck.com
*Attorney for Plaintiffs*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☒ E-FILE

Matthew R. Scheck
Jack A. Simms, Jr.
Asher Griffin
Emily Couture
Quinn Emanuel Urquhart & Sullivan, LLP
300 West 6th St., Suite 2010
Austin, TX 78701
matthewscheck@quinnemanuel.com
jacksimms@quinnemanuel.com
ashergriffin@quinnemanuel.com
emilycouture@quinnemanuel.com
*Attorneys for Plaintiffs*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☒ E-FILE

Joseph Bacchi
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
josephbacchi@quinnemanuel.com
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☒ E-FILE

|  |  |
|---|---|
| Ashley Knoblauch<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>2601 South Bayshore Dr., Suite 1550<br>Miami, FL 33133<br>*Attorney for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Stuart R. Day<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott, Suite 400<br>Casper, WY 82601<br>sday@wpdn.net<br>*Attorney for Defendants*<br>*Modo Capital, LLC, Renegade Renewables, LLC*<br>*and BPF Acquisition Co. Series 11, LLC* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| James C. Scott<br>Matthew A. Francis<br>Kelly Hart & Hallman LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102<br>jim.scott@kellyhart.com<br>matthew.francis@kellyhart.com<br>*Attorneys for Defendants*<br>*Modo Capital, LLC, Renegade Renewables, LLC*<br>*and BPF Acquisition Co. Series 11, LLC* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

*/s/ Khale J. Lenhart*
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendant